JAMES J. BURKE Revisor of Statutes
You advise that the Public Service Commission has filed with the Revisor of Statutes administrative rules relating to gas safety adopted pursuant to sec. 196.745 (1), Stats. These rules incorporate by reference certain changes and additions made by the Federal Department of Transportation to federal regulations promulgated under the Natural Gas Pipeline Safety Act of 1968,82 Stat. 720, 49 U.S.C. § 1671 et seq. The Commission did not hold a public hearing prior to adopting these rules, and you inquire whether a public hearing was required.
Section 227.02 (1), Stats., states that an agency shall precede all rule making with notice and public hearing unless the rules fall within one of the exceptions specified therein. The Commission apparently is of the view that the rules in question fall within the exception of subsec. (1) (b) in that "The proposed rule is designed solely . . . to comply with a federal requirement . . . ." The Commission argues that it has no real alternative except to comply with changes in federal regulations since, if it does not adopt the federal safety standards applicable to pipeline facilities and transportation of gas in order to become certified under sec. 5 (a) (2) of the Natural Gas Pipeline Safety Act of 1968, it will lose jurisdiction over its gas pipeline safety functions to the federal government. The Commission therefore submits that to require a hearing before the adoption of such rules would be to require a useless act.
Although an exception to the hearing requirement of sec.227.02, Stats., is created by subsec. (1) (b), it must also be noted that subsec. (2) (a) states that the exceptions to the general hearing requirements set forth in 227.02 (1) do not apply if: *Page 153 
 "(a) Another section of the statutes specifically requires the agency to hold a hearing prior to adoption of the proposed rule under consideration . . . ."
The statute pursuant to which the rules in question were adopted, sec. 196.745 (1), Stats., authorizes the Commission to issue orders or rules dealing with gas safety ". . . after holding a hearing . . . ." Since sec. 196.745 (1) specifically requires the agency to hold a hearing prior to the adoption of gas safety rules, it appears that the 227.02 (1) (b) exception to the public hearing requirement is not applicable in this case.
Additional support for this result may be found in the fact that the legislature in 1969 amended sec. 196.745 (1), Stats., by, inter alia, adding the words "holding a" before the term "hearing" in its second sentence. Laws of 1969, ch. 103, sec. 1, effective July 13, 1969. Thus, even after the Natural Gas Pipeline Safety Act of 1968 was passed which required the Commission to adopt federal safety standards in order to retain jurisdiction over the regulation of pipeline gas safety, the legislature, rather than eliminating the hearing requirement under sec. 196.745 (1), Stats., amended the language of said section to make it clear that public hearings were required to be held by the Commission prior to adoption of rules pursuant to that section.
Furthermore, even if the Commission's rule making is merely the adoption of federal safety standards in order to retain jurisdiction over gas pipeline safety, it does not necessarily follow that requiring a hearing before the adoption of such rules would be a useless act as the Commission suggests. A hearing would allow members of the public to express their views regarding such issues as whether the state should go further than the federal safety standards for pipeline facilities and the transportation of gas by adopting more stringent or additional standards or, on the other hand, whether the state should perhaps relinquish its jurisdiction over the enforcement of these federal standards to the federal government.
It is therefore my conclusion that the Public Service Commission in adopting the rules in question pursuant to sec.196.745 (1), Stats., *Page 154 
is required to precede the adoption of such rules with a public hearing.
RWW:WCW